UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITIES & MINERALS ENTERPRISE LTD.,<br><br>                              Petitioner,<br><br>vs.<br><br>CVG FERROMINERA ORINOCO, C.A.,<br><br>                              Respondent. | No. 19-cv-11654 (ALC) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PETITION TO CONFIRM, RECOGNIZE, AND ENFORCE
<u>FINAL ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT</u>**

Petitioner Commodities & Minerals Enterprise Ltd. ("Petitioner" or "CME"),[1] by and through its attorneys, submits this reply memorandum of law in further support of its petition for an Order pursuant to Chapter 2 of the FAA and Article III of the New York Convention, (a) confirming an international arbitration award (the "Award")[2] in favor of Petitioner made by a panel of three arbitrators (the "Panel") in an arbitration administered by the SMA, sitting in New York, New York, pursuant to the SMA Rules, after a full hearing, (b) directing the Clerk to enter final judgment thereon against Respondent CVG Ferrominera Orinoco, C.A., including interest on $12,655,594.36 at 5.50% per annum from December 20, 2018 until the date of judgment, and at the statutory rate thereafter; (c) granting Petitioner its costs and expenses, including reasonable attorneys' fees, in this proceeding; and (d) granting Petitioner such other and further relief as the Court deems just and proper (the "Petition," Docs. 1-7).

As this Court is aware, CME filed its Petition and accompanying papers on December 19, 2019. On March 30, 2020, CME filed proof of service of these materials on FMO and its counsel in accordance with the special arrangement for service agreed to by the parties under the SMA Rules. *See* Doc. 9. On March 31, 2020, this Court set a briefing schedule directing FMO to file its opposition to the Petition by no later than May 19. 2020, and directing CME to file its reply to such opposition by June 2. *See* Doc. 10. The Court also directed CME to serve the Court's March 31 Order on FMO and file proof of such service by April 10, 2020, which order CME duly complied with. *See* Doc. 12.

---

[1] Terms not defined herein have the definition set forth in CME's Memorandum of Law in Support of Motion to Confirm Final Arbitration Award and for Entry of Judgment (Doc. 6).

[2] The "Award" refers to the Final Award dated December 20, 2018, together with Appendices A and B (the "Final Award"), as corrected by the Final Award Concerning Claimant's Motion to Correct the Final Award of December 20, 2018, dated February 11, 2019 (the "Corrected Award").

To date, FMO has failed to file any opposition to the Petition. Rather, the only correspondence received thus far has been an April 7, 2020 letter from Mahoney & Keane, LLP, who represented FMO in the underlying arbitration, advising the Court that it does not represent FMO in connection with the Petition. *See* Doc. 11. But Mahoney & Keane's letter is inapposite, given that CME fully complied with (and in fact, went far beyond) the parties' special arrangement for service under the SMA Rules.

As explained in Bruce Paulsen's March 30, 2020 and April 10, 2020 Affidavits of Service (Docs. 9 and 12, respectively), Section 35 of the SMA Rules provides that parties who have agreed to arbitrate under the SMA Rules (as FMO did here) "shall be deemed to have consented to service of any papers, notices or process necessary to initiate or continue an arbitration under these Rules *or a court action to confirm judgment on the Award issued* . . . (a) By mail addressed to such party or counsel at their last known address; or (b) By personal service." *See* Doc. 9 ¶ 3. Here, CME served its Petition and the Court's March 31 Order on five of FMO's attorneys (all of whom appeared on FMO's behalf in the underlying arbitration) at eight different locations in the U.S., France, and England, by both Federal Express and regular mail. *See* Doc. 9 ¶ 4; Doc. 12 ¶ 4. Although service on FMO's attorneys would have been sufficient to satisfy SMA Rule 35, CME also served the Petition and Order on FMO at its last known address using two different methods of international mail. *See* Doc. 9 ¶ 8; Doc. 12 ¶ 8. Finally, although likewise not required under SMA Rule 35 in light of the aforementioned mailings, CME also served the Petition and accompanying papers on FMO by hand courier. *See* Doc. 9 ¶ 9.

In view of the foregoing, there can be no question that FMO had actual notice of these proceedings and the deadlines imposed by this Court. As FMO has failed to timely oppose the

Petition, CME respectfully requests that this Court confirm the Award and enter judgment as requested in CME's Petition.

## CONCLUSION

For the foregoing reasons, as well as those set forth in its Petition, the Court should (a) confirm the Award, (b) direct the Clerk to enter final judgment thereon against FMO, including interest on $12,655,594.36 at 5.50% per annum from December 20, 2018 until the date of judgment, and at the statutory rate thereafter; (c) grant Petitioner its costs and expenses, including reasonable attorneys' fees, in this proceeding; and (d) grant Petitioner such other and further relief as the Court deems just and proper.

Dated: June 2, 2020

SEWARD & KISSEL LLP

By: *s/ Bruce G. Paulsen*
     Bruce G. Paulsen
     Brian P. Maloney
     Laura E. Miller

One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Fax: (212) 480-8421
paulsen@sewkis.com
maloney@sewkis.com
millerl@sewkis.com

*Attorneys for Petitioner Commodities & Minerals Enterprise Ltd.*