**SEWARD & KISSEL LLP**

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

BRUCE G. PAULSEN
PARTNER
(212) 574-1533
paulsen@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

August 31, 2020

**VIA ECF AND EMAIL**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
(ALCarterNYSDChambers@nysd.uscourts.gov)

    Re:  *Commodities & Minerals Enterprise Ltd. v. CVG
          Ferrominera Orinoco, C.A.*, No. 19 Civ. 11654

Dear Judge Carter:

  We represent Plaintiff Commodities & Minerals Enterprise Ltd. ("CME"). We write in response to Mahoney & Keane LLP's ("M&K") letter dated August 29, 2020, requesting a two-week adjournment of CVG Ferrominera Orinoco C.A.'s ("FMO") deadline to respond to this Court's order to show cause (Doc. 14, the "Order") in order to allow M&K "to confirm whether or not [Mahoney & Keane] will, in fact, be retained to represent [FMO]" in connection with this action. *See* Doc. 17.

  CME filed its Petition on December 19, 2019. *See* Doc. 1-7. CME promptly served those papers on five of FMO's attorneys at eight different locations in the U.S., France, and England, by both Federal Express and regular mail. *See* Doc. 9 ¶¶ 4-7. What is more, CME took the additional step of serving its papers directly on FMO by certified international mail, first class international mail, and hand courier, despite the fact that such direct service is not required by the rules chosen by the parties to govern the underlying arbitration and related proceedings. *See id.* ¶¶ 2-3, 8-9 (citing Section 35 of the Rules of the Society of Maritime Arbitrators).

  As such, there can be no question that FMO has had actual notice of these proceedings since at least March 2020, if not earlier. Indeed, M&K e-mailed the undersigned on December 20, 2019, acknowledging receipt of CME's petition and stating that it would "inquire as to whether our firm will be retained [by FMO] in connection with the [confirmation proceedings]," and would "be sure to let [the undersigned] know" if they were retained. *See* Doc. 11-1. Aside from a letter M&K filed with this Court on April 7, 2020, confirming it had still not been retained (Doc. 11), Seward & Kissel has received no word from FMO or any of its counsel.

Hon. Andrew L. Carter, Jr.
August 31, 2020
Page 2

In view of the foregoing, it is apparent that FMO has chosen to disregard the deadlines and procedures set forth by this Court. For example, FMO was aware that this Court had set a deadline of May 19, 2020, to oppose the Petition. *See* Doc. 10 (order on briefing schedule); Doc. 12 (affidavit of service confirming that the Court's order was mailed to FMO and five of its attorneys by Federal Express and regular mail). Nevertheless, FMO failed to file any opposition or seek an adjournment.

Now, having been granted an opportunity to explain its default, FMO has again disregarded the deadlines imposed by this Court. M&K, which concedes that it does not even represent FMO, has requested a two-week adjournment in order to determine whether it will be retained. *See* Doc. 17. This request is improper and should be rejected.

*First*, FMO has not itself sought an adjournment of its deadline to respond to the Order. Rather, M&K is seeking an adjournment to determine whether it will even be retained. *See* Doc. 17 ("[W]e write to ask for a two-week adjournment of the [Order's] return date to confirm whether or not we will, in fact, be retained to represent [FMO] again and oppose the Petitioner's motion."). M&K has provided no guidance on when FMO will choose to respond (if at all).

*Second*, even assuming that M&K had requested a definitive adjournment on FMO's behalf (which it did not), such request does not comply with Your Honor's Individual Practices, which require that an extension request be made "at least two business days" before the scheduled deadline, and that FMO seek CME's consent in advance. *See* Individual Practices, Sec. I(D). M&K's request was made on the day FMO's response to the Order was due, and CME's consent was not requested. Notably, Your Honor's Individual Practices provide that "[f]ailure to comply with these requirements *will* result in a denial of the request, absent good cause shown." *Id*. (emphasis added). Aside from vague references to the "political and social turmoil" in Venezuela and the COVID-19 pandemic, M&K has not provided any explanation as to why FMO has ignored these proceedings for so long.

*Third*, FMO's most recent default is only the latest in a years-long pattern of delay and avoidance. For example, during the underlying arbitration, FMO:

- Failed to deposit into escrow the nearly $63,000,000 in prejudgment security awarded to CME by the arbitration panel in January 2017 (*see* Doc. 7-1, ¶ 22);

- Repeatedly defaulted on its obligations to deposit into escrow its share of arbitrators' fees, despite assurances by FMO's counsel that it would do so (*id*. ¶¶ 65, 68, 72-73, 97, 102);

- Failed to timely submit its statement of facts and, later, its reply brief in connection with post-hearing briefing (*id*. ¶¶ 70, 75-77, 82);

- Affirmatively declined to attend the post-hearing oral argument, despite being urged by the arbitration panel to reconsider its decision (*id*. ¶¶ 88-91); and

Hon. Andrew L. Carter, Jr.
August 31, 2020
Page 3

- Repeatedly failed to respond to communications from the arbitration panel (*id*. ¶ 103).

CME respectfully requests that this Court deny M&K's request, treat CME's Petition as unopposed, and confirm the Award.

                                Respectfully yours,

                                /s Bruce G. Paulsen
                                Bruce G. Paulsen