# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

BRUCE G. PAULSEN
PARTNER
(212) 574-1533
paulsen@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

September 14, 2020

**VIA ECF**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

> Re: *Commodities & Minerals Enterprise Ltd. v. CVG Ferrominera Orinoco, C.A.*, No. 19 Civ. 11654

Dear Judge Carter:

We write on behalf of Plaintiff Commodities & Minerals Enterprise Ltd. ("CME") to respond to CVG Ferrominera Orinoco C.A.'s ("FMO") Response to Order to Show Cause (Doc. 21), filed on September 8, 2020, which requests that CME's Petition be deemed opposed, and that FMO be afforded thirty days from the Court's ruling on the Order to Show Cause to respond to the Petition. For the reasons set forth below, CME believes that FMO's request should be denied. However, if this Court is inclined to grant FMO's request, CME respectfully requests that the Court require FMO to respond to the Petition within twenty-one days, and that CME be given fourteen days thereafter to file a reply.

As noted in CME's letter dated August 31, 2020 (Doc. 18), FMO has had notice of these proceedings since at least March 2020, if not earlier. While FMO's President purports to justify FMO's failure to timely oppose the Petition, FMO's behavior in the underlying arbitration suggests that its inaction here is part of a larger pattern and practice designed to delay CME's ability to collect on the significant award issued by the panel in the underlying arbitration proceeding.[1] *See id.* at 2-3. Indeed, FMO has had multiple opportunities over the last nine months to advise the Court of its situation and seek additional time to respond. Instead, FMO chose to wait until the eleventh hour to appear in this case.

CME does not intend to respond in this letter to every inaccuracy in FMO's submission, which goes well beyond whether FMO has shown good cause for its inordinate delay. For

---

[1] Likewise, in the related Rule B attachment proceeding pending before this Court, FMO requested – and received – an extension of time to oppose CME's motion to lift the stay, but ultimately failed to submit any such opposition. *See* 16-cv-861, Docs. 114, 116.

Hon. Andrew L. Carter, Jr.
September 14, 2020
Page 2

example, FMO contends that it is CME that was dilatory in filing its confirmation proceeding (Doc. 21 at 5), but ignores that parties may bring confirmation proceedings for arbitral awards falling under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Award within three years – not one, as FMO contends.  *See* 9. U.S.C. § 207.

FMO's complaints about service are likewise meritless.  For example, FMO does not dispute that CME sent its Petition papers to five of FMO's attorneys at eight different locations around the world using multiple methods of mailing – or that CME served those papers on FMO itself by certified international mail, first class international mail, and hand courier.  *See* Docs. 9, 12, 15, 16.  Further, and contrary to FMO's assertion (Doc. 21 at 6-8), Section 9 of the Federal Arbitration Act (the "FAA") does not require that a petitioner serve a summons on a respondent in a confirmation proceeding – rather, it states only that "[n]otice of the application shall be served upon the adverse party."  As such, a notice of petition (such as was served here, *see* Doc. 5) is sufficient.  *See Louis Dreyfus Corp. v. Vandini*, 607 F.2d 996, 996 (2d Cir. 1979) ("Section 9 of the Arbitration Act does not require service of a summons and complaint upon a respondent, but merely '[notice] of the application … [whereupon] the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.'"); *Home Ins. Co. v. RHA/Pennsylvania Nursing Homes*, 113 F. Supp. 2d 633, 635 n.10 (S.D.N.Y. 2000) ("Section 9 of the Act contemplates only that 'notice of the application' to confirm the award be served, *not a summons*. . . .  Respondent was served with a notice of petition, thus satisfying that requirement.") (emphasis added); *Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 732 F. Supp. 2d 293, 305 and n.2 (S.D.N.Y. Feb. 23, 2010), *rev'd on other grounds*, 668 F.3d 60 (2d Cir. 2012) (declining to hold that summons was required to be served on foreign private parties in case involving petition to vacate arbitration award under Section 12 of the FAA, which has same service requirements as Section 9); *Assoc. Indus. Ins. Co. v. Excalibur Reinsurance Corp.,* No. 13-cv-8239, 2014 U.S. Dist. LEXIS 169163, *10 (S.D.N.Y. Nov. 26, 2014) (no summons required to commence proceeding to vacate arbitration award).

Notwithstanding the foregoing, if this Court is inclined to grant FMO's request for additional time to oppose CME's Petition, CME respectfully requests that the Court require FMO to file any such opposition within twenty-one days, and allow CME fourteen days thereafter to file its reply.  CME's Petition has been pending since December 2019, and, as evidenced by FMO's submission, FMO intends to re-assert many of the same arguments raised in the underlying arbitration.  FMO has had ample time to marshal its arguments in opposition, and has no excuse for further delay.

We thank the Court for its consideration of this matter.

                                              Respectfully yours,

                                                 /s Bruce G. Paulsen
                                              Bruce G. Paulsen